**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer M Ellsworth, | No. CV-25-00114-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Jennifer Ellsworth challenges the Commissioner of Social Security's denial of her application for disability insurance benefits. On December 8, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R"), recommending that the Commissioner's decision be reversed and the matter remanded for a new hearing and decision. (Doc. 22.) Plaintiff filed an Objection (Doc. 23), to which the Commissioner did not respond.

## I.    Background

Plaintiff's application for disability insurance benefits was denied at the initial level and on reconsideration. (AR 201-225.) Administrative Law Judge ("ALJ") Charles Davis held a hearing and thereafter issued a decision finding Plaintiff not disabled. (AR 38-53, 177-200.) The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1.)

The ALJ followed the five-step sequential evaluation process set forth in the Social

Security regulations. *See* 20 C.F.R. § 416.920(a)(4).[1]  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date of August 13, 2019.  (AR 41.)  At Step Two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis, fibromyalgia, osteoarthritis of the thumbs, degenerative disc disease, and headaches.  (*Id.*)  The ALJ found that Plaintiff's foot conditions, her carpal tunnel syndrome, her stroke history, her obesity, and her depression were non-severe impairments.  (AR 41-44.)  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  (AR 44-45.)

At Step Four, the ALJ found that Plaintiff has the residual functional capacity to perform sedentary work with the following limitations: Plaintiff can lift and carry up to ten pounds occasionally and less than ten pounds frequently; she can do unlimited standing and walking; she can sit approximately six hours in an eight-hour day; she can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds; she can frequently balance, stoop, and crouch, and occasionally kneel and crawl; she can frequently overhead reach, bilaterally; she can frequently handle and finger, with braces as needed; and she can have occasionally exposure to cold, wetness, vibration, and workplace hazards. (AR 45-46.)  In so finding, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause her alleged symptoms" but that her "statements concerning the intensity, persistence and limiting effects" of her alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record."  (AR 47.)  The ALJ found that Plaintiff is unable to perform any past relevant

---

[1] At Step One of this process, an ALJ must determine whether a claimant is doing substantial gainful activity; if so, the claimant will be found not disabled.  20 C.F.R. § 416.920(a)(4)(i).  At Step Two, the ALJ determines whether the claimant has a severe medically determinable impairment that meets the duration requirement; if not, the claimant will be found not disabled.  *Id.* § 416.920(a)(4)(ii).  At Step Three, the ALJ determines whether the claimant has an impairment that meets or equals the severity of a listed impairment; if so, the claimant will be found disabled.  *Id.* § 416.920(a)(4)(iii).  At Step Four, the ALJ determines whether the claimant can perform past relevant work given his or her residual functional capacity; if so, the claimant will be found not disabled.  *Id.* § 416.920(a)(4)(iv).  Finally, at Step Five, the ALJ determines whether the claimant can adjust to other work given his or her residual functional capacity, age, education, and work experience; if so, the claimant will be found not disabled.  *Id.* § 416.920(a)(4)(v).

work given her residual functional capacity, but at Step Five, the ALJ found that Plaintiff is not disabled because she is capable of performing other jobs that exist in significant numbers in the national economy. (AR 50-52.)

In her Opening Brief, Plaintiff challenges the ALJ's rejection of her symptom testimony and the ALJ's residual functional capacity analysis. (Doc. 18.) The R&R agrees with Plaintiff that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony concerning her migraines, but the R&R finds that Plaintiff's other challenges to the ALJ's decision fail. (Doc. 22.) The R&R recommends rejecting Plaintiff's request to remand for an immediate award of benefits, finding instead that remand for a new hearing and decision is the appropriate remedy. (*Id.* at 15-16.)

## II.     Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence and based on the application of correct legal standards." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as

adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 948, 954 (9th Cir. 2002). It is "more than a scintilla, but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks omitted). The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). When evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision," this Court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954. The Court may may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

If an ALJ finds that a "claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted).

Error in a social security determination is subject to harmless-error analysis. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-56 (9th Cir. 2006). An error is harmless if it "was inconsequential to the ultimate nondisability determination." *Id.* at 1055.

**III.    Discussion**

Plaintiff objects to the R&R's evaluation of her headache disorder; her rheumatoid arthritis, bilateral thumb osteoarthritis, and fibromyalgia conditions; her neck and back pain; and her foot impairment. (Doc. 23.) She also argues that the R&R incorrectly framed her argument regarding the narrative function-by-function requirement of SSR 96-8p. (*Id.*

- 4 -

at 13.)[2]

### A.    Migraine and Headache Testimony

Plaintiff testified before the ALJ that she gets headaches that vary in duration and migraines that "take [her] down for an entire day." (AR 192.)  As discussed above, the R&R finds that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony concerning the severity of her migraines, and that as a result, the Commissioner's decision should be reversed and this matter remanded for a new hearing and decision. (Doc. 22 at 8-10, 15-16.)  The R&R notes that the record is unclear regarding the nature and frequency of Plaintiff's migraines and whether migraine-related limitations would preclude employment.  (*Id.* at 10, 16.)

Notwithstanding that the R&R finds in her favor on this issue, Plaintiff objects, arguing that the R&R erroneously characterizes the ALJ's "errors as factual deficiencies rather than legal errors requiring reversal." (Doc. 23 at 2.)  Plaintiff argues that the "ALJ's migraine analysis was not merely incomplete—it was medically inaccurate, inconsistent with SSR 19-4p, and grounded in mischaracterizations of the record." (*Id.*)  Plaintiff asks the Court to remand with instructions to "(1) reevaluate Plaintiff's headache disorder under SSR 19-4p; (2) consider the neurological impact of her strokes; (3) assess the interactions between migraines and her other impairments; and (4) incorporate migraine-related functional limitations into" Plaintiff's residual functional capacity.  (*Id.* at 3-4.)

The Court will adopt the R&R's recommendation to reverse the Commissioner's final decision and remand for a new hearing and decision due to the Commissioner's failure to provide clear and convincing reasons for discounting Plaintiff's symptom testimony concerning her migraines.  Encompassed within this recommended remand is further development of the record concerning Plaintiff's headache disorder, reevaluation of Plaintiff's headache disorder under SSR 19-4p, and reassessment of Plaintiff's residual functional capacity.  In reassessing Plaintiff's residual functional capacity, the ALJ must consider the limitations imposed by Plaintiff's headache disorder and her other severe and

---

[2] The Court finds that the unobjected-to portions of the R&R are not erroneous, and the Court will accept and adopt those portions.

non-severe impairments. *See Carmickle*, 533 F.3d at 1164.

The Court will deny as moot Plaintiff's Objection to the R&R's analysis of her headache disorder, as the relief Plaintiff requests is already encompassed by the relief recommended in the R&R.

**B.    Rheumatoid Arthritis, Bilateral Thumb Osteoarthritis, Fibromyalgia**

Plaintiff testified before the ALJ that her "hands are almost non-functioning" and "don't operate." (AR 185-186.) She further testified that she wears hand braces all the time to stabilize her thumb and wrist; that she cannot open jars; that she cannot tie, button, or buckle items; that she drops items; and that she cannot lift a gallon of milk. (AR 186-188, 192-193.)

The ALJ discounted Plaintiff's symptom testimony as inconsistent with the medical evidence. (AR 47-48.) The ALJ discussed Plaintiff's testimony that she has weakness in her hands "and is unable to grasp, tie, or hold objects," and contrasted that testimony to medical evidence reflecting routine treatment of Plaintiff's rheumatoid arthritis and osteoarthritis—including examinations showing normal range of motion and indications that symptoms were overall well-controlled with medication—as well as a lack of "medical documentation of persistent debilitating fibromyalgia flare ups." (*Id.*)

The R&R finds that the ALJ properly discounted Plaintiff's testimony concerning the severity of her hand limitations based on inconsistencies between that testimony and the objective medical evidence. (Doc. 22 at 3-5.) The R&R further finds that, even if the ALJ erred in discounting Plaintiff's symptom testimony, the error was harmless, because a vocational expert testified at Plaintiff's hearing that Plaintiff could perform the job of surveillance system monitor, which does not require any reaching, handling, fingering, or feeling. (*Id.* at 5-6.)

In her objection, Plaintiff argues that the "R&R fundamentally mischaracterized [her] argument by reducing it to a narrow dispute about 'manipulative limitations,' rather than addressing . . . the ALJ's failure to evaluate three distinct severe impairments— rheumatoid arthritis, bilateral thumb osteoarthritis, and fibromyalgia—each of which

required separate analysis[.]"  (Doc. 23 at 4.)  Plaintiff further argues that the R&R improperly "treats the ALJ's" residual functional capacity finding "as proof that Plaintiff's symptoms were 'not as severe as alleged'"; that the R&R failed to "meaningfully review the evidence" in finding that "little to no evidence" supports Plaintiff's testimony that her hands are "almost non-functioning"; that the ALJ failed to link specific testimony to specific contradictory evidence in rejecting Plaintiff's testimony concerning the severity of her hand limitations; and that the ALJ failed to analyze Plaintiff's thumb osteoarthritis under Listing 1.18.  (*Id.* at 4-5.)  Plaintiff contends that the Court should remand for an immediate award of benefits.  (*Id.* at 7.)

The Court disagrees.  The ALJ specifically analyzed Listing 1.18, finding that Plaintiff's impairment does not meet or medically equal the criteria of that listing, and the ALJ separately evaluated Plaintiff's inflammatory arthritis under Listing 14.09.  (AR 45.)[3] In evaluating Plaintiff's symptom testimony and formulating her residual functional capacity, the ALJ discussed specific testimony and specific contradictory medical evidence.  (AR 46-48.)  The R&R does not treat the ALJ's residual functional capacity finding as proof that Plaintiff's symptoms were not as severe as alleged; instead, the R&R discusses inconsistencies between Plaintiff's testimony that her hands are "almost non-functioning" and medical records indicating that Plaintiff's arthritis is well-controlled with medication.  (Doc. 22 at 3-4.)  Furthermore, Plaintiff does not address in her Objection the R&R's alternative finding that, even if the ALJ erred in rejecting Plaintiff's symptom testimony regarding her hand limitations, the error was harmless because there are a significant number of surveillance system monitor jobs nationwide, and that job does not require any reaching, handling, fingering or feeling.  (*Id.* at 5-6; s*ee also* AR 200.)

The Court will overrule Plaintiff's objection to the R&R's analysis of her hand limitations arising from rheumatoid arthritis, bilateral thumb osteoarthritis, and fibromyalgia.

. . . .

---

[3] Furthermore, Plaintiff failed to raise in her Opening Brief any challenge to the ALJ's application of or failure to apply Listing 1.18 with respect to her thumb osteoarthritis.

### C.   Neck and Back Pain

Plaintiff testified before the ALJ that her "cervical spine" and "neck" are "in pain all the time," and that she cannot sit or stand for long periods of time.  (AR 186.)  She testified that she lies down for 4-5 hours per day.  (AR 192.)  The ALJ recognized Plaintiff's testimony that she reclines 4-5 hours per day due to neck pain but discounted the testimony as inconsistent with the medical evidence and other evidence in the record.  (AR 46-48.)  In so doing, the ALJ discussed medical evidence indicating that Plaintiff has "received routine treatment and pain management for neck/back pain secondary to degenerative disc disease," that she has "had no complications secondary to treatment," and that "her physical examinations were mainly within normal limits."  (AR 48.)  The R&R finds that substantial evidence supports the ALJ's conclusion that Plaintiff's testimony concerning the severity of her neck and back pain is inconsistent with the objective medical evidence.  (Doc. 22 at 6-8.)

In her Objection, Plaintiff argues that the "R&R's analysis rests on mischaracterization of Plaintiff's testimony, reliance on non-exams and template language, a legally impermissible use of 'normal' findings to reject pain testimony, and an improper post hoc rationale that the ALJ never articulated."  (Doc. 23 at 7.)  Plaintiff argues that the ALJ failed to evaluate her specific spinal impairments when analyzing her degenerative disc disease.  (*Id.* at 9.)  She further argues that the R&R and the ALJ cherry-picked medical evidence and improperly relied on non-exams and boilerplate language in the medical records.  (*Id.* at 8-11.)  Plaintiff asserts that "objective evidence alone can never constitute a clear and convincing reason to reject symptom testimony."  (*Id.* at 9.)  She also argues that the "ALJ never found that objective evidence contradicted Plaintiff's specific limitations," and that the R&R's finding that the objective medical evidence contradicted Plaintiff's symptom testimony is therefore an improper "post hoc rationale that the ALJ never gave."  (*Id.* at 10.)

Once a claimant has shown that she has a medically determinable impairment or impairments that could reasonably be expected to produce her pain or other symptoms, her

statements about the intensity, persistence, and effect of her pain or other symptoms cannot be rejected "solely because the available objective medical evidence does not substantiate" them. 20 C.F.R. §§ 404.1529(c)(2); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (an ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence"). However, an ALJ can rely on "*contradictions* between a claimant's subjective symptom testimony and the objective medical evidence in the record to discount the symptom testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 n.1 (9th Cir. 2022). That is what the ALJ did here.

The Court agrees with the R&R that the ALJ offered specific examples of objective medical evidence inconsistent with Plaintiff's alleged symptom severity, and that the examples cited by the ALJ are not cherry picked but, rather, representative of mainly normal physical examinations. (Doc. 22 at 6-8.) The record does not support Plaintiff's argument that the R&R relied on a post hoc rationale that the ALJ never gave; both the ALJ's decision and the R&R discuss contradictions between Plaintiff's symptom testimony and her medical records. (*Id.*; AR 46, 48.) The Court will overrule Plaintiff's Objection to the R&R's analysis of her neck and back pain.

### D.    Foot Impairment

Plaintiff testified before the ALJ that she cannot be on her feet long because "it hurts to walk," and her "foot will start swelling up" after about ten minutes of walking. (AR 187.) She testified that her foot surgeries did not "take," and one foot is "totally deformed." (*Id.*)

The ALJ found at Step Two, with respect to Plaintiff's "history of bunionectomy, status post resection of middle phalanx and second right toe, and hammer toe deformities," that the foot impairment is non-severe because "the medical evidence indicates no post-surgery complications and no issues with the claimant's gait." (AR 41.) The ALJ discussed specific medical records indicating independent ambulation and normal gait. (AR 41-42.) The R&R finds that Plaintiff forfeited any challenge to the ALJ's Step Two

analysis by failing to address it in her briefing.  (Doc. 22 at 10.)  The R&R further finds that substantial evidence supports the ALJ's conclusion that Plaintiff's foot impairment is non-severe and does not limit Plaintiff from standing and walking.  (*Id.* at 10, 12.)  The R&R concludes that the "ALJ did not err in rejecting testimony about extreme limitations arising from a nonsevere impairment."  (*Id.* at 10.)

Plaintiff argues in her Objection that the ALJ failed to evaluate her actual orthopedic impairment, and that the R&R improperly treats template notations in non-pertinent cardiology and neurology visit summaries as sufficient to uphold the ALJ's residual functional capacity finding of unlimited standing and walking.  (Doc. 23 at 11.)  Plaintiff further argues that the R&R erroneously "suggest[s] that the ALJ was not required to consider Plaintiff's foot limitations in the [residual functional capacity finding] because the impairment was found non-severe."  (*Id.* at 12.)  Plaintiff contends that the ALJ failed to address Listing 1.18 in connection with Plaintiff's documented foot impairment, despite evidence of post-reconstructive deformity and pain with ambulation.  (*Id.* at 12.)  Plaintiff asks the Court to "remand with instructions requiring proper identification and evaluation of Plaintiff's foot impairment under Listing 1.18, consideration of all resulting functional limitations" in Plaintiff's residual functional capacity, "and a legally adequate reassessment of [Plaintiff's] symptom testimony."  (*Id.* at 12.)

An ALJ is required to compare a claimant's impairment to the listed impairments only if the ALJ determines that the impairment is severe.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004).  Here, the ALJ found at Step Two that Plaintiff's foot impairments are non-severe, and Plaintiff did not object to the R&R's conclusion that she forfeited any challenge to the ALJ's Step Two finding.  Because the ALJ found Plaintiff's foot impairments non-severe at Step Two, the ALJ was not required to evaluate her foot impairments under Listing 1.18 at Step Three.  Furthermore, Plaintiff failed to raise in her Opening Brief any challenge to the ALJ's application of or failure to apply Listing 1.18 with respect to her foot impairments.

As discussed above, an ALJ must consider all medical impairments, including non-

severe impairments, in formulating a claimant's residual functional capacity. *See* 20 C.F.R. § 404.1545(a)(2); *Carmickle*, 533 F.3d at 1164. "Even though a non-severe impairment standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." *Carmickle*, 533 F.3d at 1164 (internal quotation and alteration marks omitted). Here, the ALJ did not discuss Plaintiff's foot impairment when formulating her residual functional capacity, nor did the ALJ specifically explain why he rejected Plaintiff's testimony that foot pain limits her ability to walk for extended periods. When reassessing Plaintiff's residual functional capacity on remand, the ALJ should specifically evaluate the credibility of Plaintiff's symptom testimony concerning her foot impairments and evaluate whether the foot impairments, even though found non-severe at Step Two, affect Plaintiff's residual functional capacity.

### E. SSR 96-8p Function-by-Function Assessment

The R&R concludes that the ALJ complied with SSR 96-8p's narrative requirement by providing a function-by-function assessment and supporting the findings with an analysis of the objective medical evidence. (Doc. 22 at 11-12.) The R&R further finds that the ALJ did not err in grouping "impairments that could cause related functional limitations." (*Id.* at 12.)

Plaintiff argues in her Objection that the R&R mischaracterizes her argument regarding SSR 96-8p as asserting that the ALJ failed to provide a function-by-function assessment, when Plaintiff's argument is actually that the ALJ failed to provide a narrative function-by-function explanation linking specific medical findings to specific functional limitations. (Doc. 23 at 13.) However, the R&R finds that the ALJ supported its function-by-function assessment with an analysis of the objective medical evidence of Plaintiff's impairments. Accordingly, the Court will overrule Plaintiff's objection to the R&R's evaluation of her SSR 96-8p argument.

. . . .

. . . .

- 11 -

**F.     Credit as True**

Under 42 U.S.C. § 405(g), the court has the power to affirm, modify, or reverse the decision of the Commissioner, "with or without remanding the cause for a rehearing." Accordingly, "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

Under the credit-as-true rule, a court may remand for the immediate calculation and award of benefits if:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.  Further administrative proceedings generally are useful if "the record has not been fully developed" or "there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotation and alteration marks omitted).  Furthermore, even when all the conditions of the credit-as-true rule are satisfied, the court may instead remand for further proceedings if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

In her Objection, Plaintiff argues that the Court should remand for an immediate award of benefits due to errors in the ALJ's analysis of limitations arising from her rheumatoid arthritis, osteoarthritis, and fibromyalgia. (*See* Doc. 23 at 7.)  However, as explained above, the Court agrees with the R&R's finding that the ALJ properly discounted Plaintiff's testimony concerning hand limitations arising from those conditions and that any error was harmless.  Plaintiff does not specifically object to the R&R's conclusion that remand for further proceedings is the appropriate remedy with respect to the ALJ's failure to provide clear and convincing reasons for discounting Plaintiff's headache testimony. The Court agrees with the R&R that remand for further proceedings is appropriate given the need to further develop the record concerning Plaintiff's headache disorder.

**IT IS ORDERED**:

1. Plaintiff's Objection (Doc. 23) is **partially granted and partially overruled**, as set forth above.

2. The Report and Recommendation (Doc. 22) is **accepted and adopted**, with the modification discussed above with respect to reevaluation of Plaintiff's foot impairment.

3. The final decision of the Commissioner is **reversed**, and this matter is **remanded** to the agency for a new hearing and decision, as set forth above and in the Report and Recommendation (Doc. 22).

4. The Clerk of Court is directed to enter a final judgment in favor of Plaintiff and against the Commissioner, and to close this case.

Dated this 17th day of March, 2026.

_____
Honorable Rosemary Márquez
United States District Judge